Daniel Robertson [FL Bar # 1010844]
Pension Benefit Guaranty Corporation
Office of the General Counsel
1200 K Street, N.W., Suite 340
Washington, DC 20005-4026
Phone: (202) 326-4000, ext. 6573
Fax: (202) 326-4112
E-mail: Robertson.Daniel@pbgc.gov and efile@pbgc.gov

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORTATION<br>1200 K Street, N.W. Suite 340<br>Washington, DC 20005,<br><br>          Plaintiff,<br><br>v.<br><br>C & J BUILDERS, INC.<br>As Plan Administrator of the C & J Builders Defined Benefit Pension Plan<br>9735 Murray Drive<br>La Mesa, CA 91942,<br><br>          Defendant. | Case No.: '19CV2398 CAB AHG<br><br>COMPLAINT |

### COMPLAINT OF THE PENSION BENEFIT GUARANTY CORPORATION

1. Plaintiff Pension Benefit Guaranty Corporation ("PBGC") files this Complaint against the Defendant, C & J Builders, Inc. ("Defendant"), as the administrator of the C & J Builders Defined Benefit Pension Plan ("Pension Plan" or "Plan"), and states:

2. This action arises under Title IV of the Employee Retirement Income

1

Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012 & Supp. V 2017) ("ERISA").

3. PBGC brings this action, pursuant to 29 U.S.C. §§ 1342(c) and 1348, requesting that this Court issue a decree (i) terminating the Pension Plan, (ii) appointing PBGC as the Pension Plan's statutory trustee, (iii) establishing July 31, 2012, as the Pension Plan's effective termination date, and (iv) ordering Defendant and all other persons or entities having possession, custody, or control of any records, assets, or other property of the Pension Plan or any documents needed to determine benefits payable under the Plan, to transfer, convey, and deliver all such items to PBGC.  Upon termination and trusteeship of the underfunded Plan, PBGC will use its insurance funds to pay to Defendant's employees their pension benefits under the Pension Plan, subject to ERISA's statutory limits.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1303(e)(3), 1342(f).

5. Venue is proper in this district pursuant to 29 U.S.C. §§ 1303(e)(2), 1342(g).

## PARTIES

6. PBGC is the federal agency and wholly-owned United States government corporation established pursuant to 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA.  When an underfunded pension plan covered under Title IV terminates, PBGC pays statutorily guaranteed pension benefits to retired employees who participate in the pension plan.  *See* 29 U.S.C. §§ 1321, 1322.  PBGC has its principal place of business at 1200 K Street, N.W., Washington, D.C. 20005.

7. Defendant was a corporation established under the laws of California. Defendant conducted business at 9735 Murray Drive, La Mesa, CA 91942.

8. Defendant is the Pension Plan's sponsor and Plan Administrator within the meaning of 29 U.S.C. §§ 1002(16), 1301(a)(1).

## STATUTORY BACKGROUND

9. PBGC may institute proceedings to terminate a defined benefit pension plan when it determines that certain statutory criteria under ERISA § 4042(a) are met – *e.g.*, the plan has not met the minimum funding standards required by the Internal Revenue Code or the plan will be unable to pay benefits when due – and that termination is necessary to protect the interests of the pension plan's participants. 29 U.S.C. § 1342(a)(1), (2), (c).

10. After notifying the plan administrator of its determination that the pension plan should be terminated, PBGC may "apply to the appropriate United States district court for a decree adjudicating that the plan must be terminated in order to protect the interests of the participants." 29 U.S.C. § 1342(c). Alternatively, PBGC and the plan administrator may enter into an agreement to terminate the plan. *Id.*

11. When an underfunded defined benefit pension plan terminates, PBGC typically becomes statutory trustee of the plan and, subject to certain statutory limitations, uses PBGC's insurance funds to pay the plan's unfunded benefits. *See* 29 U.S.C. § 1322.

12. The termination date of a pension plan is either agreed upon by PBGC and the plan administrator or, in the absence of an agreement, established by the district court. 29 U.S.C. § 1348(a)(4).

13. Upon issuing a termination decree under 29 U.S.C. § 1342(c), the district court must appoint and authorize a trustee to terminate the pension plan in accordance with Title IV of ERISA. 29 U.S.C. § 1342(b), (c). PBGC may request its appointment as trustee in any case. 29 U.S.C. § 1342(b)(1).

## FACTUAL BACKGROUND

14. Defendant established the Pension Plan, effective January 1, 2004, to provide pension benefits to its employees.

15. The Pension Plan is a defined benefit pension plan covered by Title IV of ERISA. *See* 29 U.S.C. §§ 1002(35), 1321(a). The Plan has a total of five employees who participate in it ("Participants").

16. In June 2007, Defendant ceased operations. On July 30, 2012, Defendant's corporate status was administratively dissolved.

17. Because Defendant ceased operations, and its corporate status was administratively dissolved, the Plan is abandoned.

18. PBGC estimates that the Pension Plan is underfunded, with benefit liabilities of $168,935 and $0 in assets. Absent the relief sought herein, the Plan does not have a sponsor to provide funding and does not have an administrator to continue to pay benefits to Participants.

19. On September 20, 2018, pursuant to 29 U.S.C. § 1342, PBGC sent, via FedEx Express, to Defendant's last known address c/o Defendant's president and owner, Walter Gierucki, a notice of PBGC's determination that the Plan has not met the minimum funding standards required under 26 U.S.C. § 412, that the Plan will be unable to pay benefits when due, and that the Plan must be terminated in order to protect the interests of the Plan's Participants ("Notice of Determination"). The Notice of Determination also states PBGC's intention to seek Plan termination, appointment of PBGC as statutory trustee of the Plan, and establishment of July 31, 2012, as the effective date of the Plan's termination. The Notice of Determination was returned to PBGC and marked as undeliverable. A copy of the Notice of Determination is attached as Exhibit 1 and is incorporated herein by reference.

20. On June 11, 2019, PBGC sent via FedEx Express another copy of the Notice of Determination to Walter Gierucki's last known personal address. The Notice of Determination was successfully delivered. Once again, PBGC did not receive a response from Defendant.

## COUNT I

21. PBGC realleges and incorporates by reference paragraphs 1 through 20.

22. After PBGC determines that a pension plan covered by Title IV of ERISA should terminate, ERISA authorizes the agency to apply to a United States district court

for a decree adjudicating that the pension plan must be terminated to protect participants' interests. 29 U.S.C. § 1342(a), (c).

23. PBGC has determined under 29 U.S.C. § 1342(a)(1), (2), that the Plan should terminate. As mentioned above, PBGC issued to Defendant c/o Defendant's president the Notice of Determination that the Pension Plan has not met the minimum funding standards, will be unable to pay benefits when due as a result of underfunding and abandonment, and must be terminated to protect the interests of the Plan's Participants.

24. Accordingly, this Court may issue a decree terminating the Plan.

## COUNT II

25. PBGC realleges and incorporates by reference paragraphs 1 through 24.

26. Upon issuing a termination decree under 29 U.S.C. § 1342(c), a United States district court must appoint a trustee of the terminated pension plan, which, upon application, may be PBGC. 29 U.S.C. § 1342(b)(1).

27. PBGC is willing and able and hereby applies to serve as statutory trustee of the Plan.

28. The Court should appoint PBGC as statutory trustee of the Plan.

## COUNT III

29. PBGC realleges and incorporates by reference paragraphs 1 through 28.

30. A pension plan's termination date ("Plan Termination Date") is either the date agreed upon by PBGC and the plan administrator, or, in the absence of such agreement, the date established by the district court. 29 U.S.C. § 1348(a)(3), (4).

31. Defendant is the Plan Administrator, but Defendant has ceased operations, and its corporate status has been administratively dissolved. There is no one who can act on Defendant's behalf and enter into and execute an agreement with PBGC to establish the Plan Termination Date.

32. Because an agreement between PBGC and the Plan Administrator has proven to be not possible, the Plan Termination Date will be the date established by this Court.

33. The Plan Termination Date of July 31, 2012, is appropriate because, as of this date, Defendant had ceased operations, and its corporate status had dissolved. Thus, Plan Participants' expectations that the Plan would continue ceased as of July 31, 2012.

34. The Court should establish July 31, 2012, as the Plan Termination Date.

## COUNT IV

35. PBGC realleges and incorporates by reference paragraphs 1 through 34.

36. Under 29 U.S.C. § 1342(d), a court-appointed trustee is authorized, among other things, to pay plan benefits and manage plan assets in accordance with Title IV of ERISA.

37. To carry out its statutory duties with respect to the Plan, the court-appointed trustee must receive all Plan assets and all documents relating to: (1) the Plan; (2) Defendant's employees who are covered under the Plan; and (3) the Plan assets. Such documents will enable PBGC to determine who is owed a pension benefit under the Plan and to calculate those benefits.

38. The Court should order the transfer to PBGC of all of the Plan's assets and documents, wherever located, as an incident of appointing PBGC as statutory trustee of the Plan.

**WHEREFORE**, PBGC respectfully requests that the Court grant judgment on all counts and issue a decree for the following relief:

1. Adjudicate that the Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2. Appoint PBGC as statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

3. Establish July 31, 2012, as the Plan Termination Date pursuant to 29 U.S.C. § 1348(a);

6

4. Order Defendant and all other persons or entities having possession, custody, or control of any records, assets, or other property of the Plan or any documents required to determine Plan benefits, to transfer, convey, and deliver all such items to PBGC; and

5. Grant any and all other relief this Court deems just and proper.

Dated: December 13, 2019                    Respectfully Submitted,


/s/ Daniel Robertson
DANIEL ROBERTSON

JUDITH STARR
General Counsel
CHARLES FINKE
Deputy General Counsel
ANDREA WONG
Assistant General Counsel
DANIEL ROBERTSON
Attorney
PENSION BENEFIT GUARANTY CORP.
Office of the General Counsel
1200 K Street, N.W.
Washington, DC 20005
Phone: (202) 326-4000, ext. 6573
Fax: (202) 326-4112
Emails: Robertson.Daniel@pbgc.gov
and efile@pbgc.gov